■ KEITH L. LIPPERT, Appellant, v ROBERT C. HARRISON et al., Defendants, and PERRY L. COHEN, Respondent. [695 NYS2d 559] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about July 9, 1998, which, insofar as appealed from, denied plaintiff's motion to consolidate this action with another pending in Civil Court and to compel disclosure, and granted defendant-respondent's cross motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, with costs.

We disagree with the IAS Court that plaintiff, defendants and four others not party to this action could have been expected to incorporate the terms of their joint venture in the February 1992 purchase agreement between them, collectively as "Purchaser", and the principals of the corporation that they wished to acquire. Nevertheless, the IAS Court properly rejected plaintiff's belated and unsubstantiated claim of a vague oral agreement between himself and defendants, but not involving the four nonparty venturers, that each venturer would be liable for one-eighth of the $150,000 plaintiff advanced to the sellers under the purchase agreement, but not for the $100,000 previously advanced by defendants. As the IAS Court noted, the alleged oral contract is not mentioned in the complaint or plaintiff's moving papers, which, rather, assert that defendants were responsible for their pro rata share of plaintiff's investment by reason of the terms of the purchase agreement. Only in response to defendant's cross motion for summary judgment, which pointed out that the purchase agreement was silent as to the venturers' obligations among themselves, did plaintiff's attorney argue, without any personal knowledge, that there was a separate oral agreement. Plaintiff's affidavit merely states that he personally "understood" that the others were equally responsible for his investment, but does

not affirmatively declare there was an oral agreement, or otherwise set forth its terms. To the extent plaintiff's action might be deemed one for an accounting, it should be dismissed for failure to join as necessary parties the four other members of the joint venture. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.